IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cr-30042 |
| ) | |
| **MARIO LEACHMAN,** ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Mario Leachman's amended Motion for Compassionate Release (d/e 39) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On January 4, 2018, Defendant pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  In the plea agreement—entered into pursuant to Federal Rule of Criminal procedure 11(c)(1)(C)—the parties agreed that a sentence of 84 months' imprisonment and 6 years of supervised release was

appropriate. On May 7, 2018, the undersigned District Judge accepted the plea agreement and imposed the agreed upon sentence, which was 36 months below the statutory mandatory minimum. Defendant is currently serving his sentence at the Medical Center for Federal Prisoners in Springfield, Missouri. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed July 28, 2020). Defendant's projected release date is June 5, 2024. Id.

On July 6, 2020, Defendant filed a pro se motion for compassionate release (d/e 37) pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 10, 2020, after appointment of the Office of the Federal Public Defender, Defendant filed an Amended Motion for Compassionate Release (d/e 39). Defendant requests compassionate release due to his health issues and the COVID-19 pandemic. Defendant is forty years old and severely obese. Defendant also has a history of hypertension and asthma.

If released, Defendant proposes to live with his wife in Springfield, Illinois. The United States Probation Office, in a Memorandum (d/e 45) addressing Defendant's request for compassionate release, concludes that the proposed residence

appears to be an acceptable living situation for Defendant.  Id. at 3.  Probation's Memorandum also notes that Defendant has no disciplinary record from his time in the custody of the Bureau of Prisons.  Id. at 1.

On July 13, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 43).  In the Response, the Government argued that Defendant's Motion should be denied because Defendant does not fit the requirements for compassionate release.  Resp. 2.  The Government further details the procedures that BOP has implemented to curb the spread of COVID-19 in its facilities.  Resp. 3-10.

On July 27, 2020, the Court held a videoconference hearing on Defendant's Amended Motion for Compassionate Release.  At the hearing, the Court heard arguments from counsel and a statement from Defendant.  At the conclusion of the hearing, the Court requested that the Government provide additional information concerning Defendant's health conditions and the reasons for his placement at a medical center.  The hearing was then continued to the following day.  The Government provided the requested information the next day, and on July 28, 2020, the Court held a

continued videoconference hearing on Defendant's Amended Motion for Compassionate Release. At the continued hearing, the Court heard additional arguments from counsel. As of July 28, 2020, BOP reported three confirmed inmate cases of COVID-19 at MCFP Springfield. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed July 28, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate

release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and

poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.  Further, Defendant suffers from obesity, a condition that increases the risks that COVID-19 presents for Defendant.  See People Who Are at Increased Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last accessed July 28, 2020).  Defendant also has a history of hypertension and asthma.  According to the CDC's latest guidance, hypertension and moderate to severe asthma may increase the risks presented by COVID-19.  See id.

According to the most recent BOP medical records filed by the Government, Defendant has a body mass index (BMI) of 41.3, which is considered to be severely obese.  The CDC's latest guidance suggests that any person with a BMI over 30 is at increased risk of serious illness from COVID-19.  The medical records also reflect though that Defendant's weight is 257 pounds—down somewhat

from 270 pounds as reported in the PSR—and that Defendant has made lifestyle changes, including diet and exercise to address his weight.

Regarding Defendant's claims that he suffers from asthma, the BOP medical records report this condition as "childhood asthma" and note that until just recently Defendant had not been prescribed an inhaler or otherwise required treatment for the condition since Defendant arrived at MCFP Springfield in June 2018.  In May of 2020, Defendant reported that he had experienced "some wheezing and DOE [dyspnea on exertion] periodically over the last two months."  Defendant reported this occurred on average three times a week over the previous month or two, but that he did not seek medical attention.  As a result of the new complaints of breathing difficulties, Defendant was prescribed an inhaler and a chest x-ray was performed.  A chest x-ray performed on May 19, 2020, showed "[v]eiling opacity" in Defendant's left lung.  A second x-ray performed on May 19, 2020, however, reported that the "[v]eiling opacity over the left chest has resolved."  Nothing in the medical records indicates that Defendant suffers from moderate to severe asthma.

Finally, as to Defendant's history of hypertension, the medical records reflect that although Defendant previously treated this condition with medication, he chose to discontinue the medication in July 2019.  In April of this year, though, Defendant agreed to resume regular blood pressure checks, with a goal blood pressure of 139/89 or lower.  Subsequent blood pressure checks performed over the next 30 days showed "systolics between 140-159 and diastolics from 92-97."  As a result, medication treatment was resumed.  The fact that Defendant's blood pressure readings during this period, even prior to restarting the use of medication, were only moderately elevated, weighs against compassionate release here.

As of today, at MCFP Springfield, the facility where Defendant is housed, there are only three confirmed cases of COVID-19.  According to the Government, the BOP has implemented rigorous procedures designed to prevent the virus from spreading through its facilities.  Additionally, according to the supplemental information provided by the Government at the direction of the Court, Defendant's placement at a medical facility within BOP was not as a patient or for the treatment of a medical condition.  Rather Defendant was assigned to the camp at MCFP Springfield as a

regular prisoner, rather than to the hospital unit.

Defendant's criminal history reflects prior convictions for aggravated unlawful use of a weapon, possession of heroin, possession of a controlled substance, unlawful possession of a weapon by a felon, and possession of a controlled substance with intent to distribute. PSR ¶¶ 58-60, 62, 63, d/e 24. Further, Defendant has served approximately one third of his sentence and he has just under four years remaining on his sentence.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Mario Leachman's Amended Motion for Compassionate Release (d/e 39) and Defendant's pro se Motion for Compassionate Release (d/e 37) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if

circumstances change.

ENTER:  July 29, 2020

>*/s/ Sue E. Myerscough*
>SUE E. MYERSCOUGH
>UNITED STATES DISTRICT JUDGE